IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BENJAMIN DOVBYSH,<br><br>                Plaintiff,<br>v.<br><br>MUTUAL OF ENUMCLAW INSURANCE COMPANY,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-690 HCN DBP<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendant's Short Form Discovery Motion for order regarding Rule 35 examination.[1] Defendants request that Plaintiff sign a confidentiality/non-disclosure agreement concerning a Rule 35 examination. Plaintiff resists any such agreement. For the reasons discussed below, the court will grant the Motion.

## BACKGROUND

In January 2021, Plaintiff backed out of his friend's driveway and was rear-ended by another driver. The impact "violently jolted [Plaintiff] backwards" and he suffered immediate pain in his neck and back. The insurance carrier for the other driver, Farmers Insurance Company, accepted lability for the accident. Plaintiff subsequently visited the Utah Orthopedic Spine and Injury Center where doctors opined Plaintiff would need extensive treatment to recover from the accident. Plaintiff has a personal automobile insurance policy with Defendant Mutual of Enumclaw Insurance Company. The policy contains a negligent driver's insurance

---

[1] Judge Howard C. Nielson, Jr. referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters.

limit of $25,000. Plaintiff avers his damages from the accident "vastly exceed the insurance proceeds that were tendered to him."

The policy contains underinsured motorist benefit coverage for $100,000 per person and $300,000 per accident. Based on his treatment needs, Plaintiff asserts Defendant breached their contract by declining to pay the benefits for underinsured motorist coverage. The instant dispute centers on a Rule 35 examination of Plaintiff with Dr. Joel Dall. The parties have agreed to the examination, but disagreement remains regarding the use of a confidentiality/non-disclosure agreement.

## DISCUSSION

Federal Rule of Civil Procedure Rule 35(a)(2)(B), which pertains to physical and mental examinations, provides that a court may "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35. The parties do not dispute that Plaintiff's physical condition is at issue in this case and that Dr. Dall may conduct a Rule 35 examination. Defendant further agrees that Dr. Dall's medical examination may be recorded. However, Dr. Dall and Defendant, request that Plaintiff sign a confidentiality/non-disclosure agreement to prevent disclosure of the examination. Defendant cites to the need to ensure confidentiality because Dr. Dall and Plaintiff do not have a physician/patient relationship and the potential that the recording could be "unfairly manipulated and/or disseminated beyond the scope of this lawsuit." (ECF No. 14 p. 2.) Defendant argues Plaintiff's right to disclose his own health information does not give him the right to disclose private or confidential information of non-party individuals such as Dr. Dall. In contrast, Plaintiff resists signing any agreement and cites to the general principles that courts are open to the public and secrecy should be avoided. In essence, according to Plaintiff, Defendant fails to articulate

any specific privacy right and vague references are not enough to overcome the presumption of public access to the court's records.

"Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). Courts have long recognized a common-law right of access to judicial records. *Nixon*, 435 U.S. at 597, 98 S.Ct. 1306; *Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir.1994). This right, however, is not absolute. The "presumption of access ... can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.*

The sealing of medical records is often one such exception to the presumption of public access to court records. *See, e.g., Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1136 (10th Cir. 2011) (finding the plaintiff met the burden to seal medical records); *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1215 (10th Cir. 2007) (granting motion to file portion of appendix under seal in an Americans with Disabilities Act retaliation case); *Ctr. for Legal Advocacy v. Hammons*, 323 F.3d 1262, 1273 (10th Cir.2003) (granting motion to transmit records relating to suicides and attempted suicides of mental health care patients under seal); *see also* Handbk. Fed. Civ. Disc. & Disclosure § 10:15 (3d ed. Mar.2012) ("As a general rule, courts have forbidden examinees from recording examinations, particularly those involving mental or emotional conditions."); *Heath v. Isenegger*, 2011 WL 2610394 at *2 (N.D.Ind.2011) (general rule is that Rule 35 medical examinations are not recorded other than for good cause

shown); *but see Kuslick v. Roszczewski*, 2012 WL 899355 at *6 (E.D.Mich. Mar.16, 2012) (allowing plaintiff to tape record her mental examination where defendant did not show it would interfere with examination).

This case is somewhat unique from the standpoint that in the cases reviewed by the court where medical records are sealed, it is the party with possible disclosure of records that seeks to maintain their confidentiality. Here, however, Plaintiff seeks to have the medical examination part of the public record. Balancing the presumption of public access with the need to protect sensitive information leads the court to follow the procedures in the Local Rules. *See* DUCivR 5-3. Plaintiff is to sign a confidentiality/non-disclosure agreement. Once the examination is completed the parties are to file a redacted copy of the examination as part of the record in this case. Plaintiff may then move to remove the redactions and Defendant may move to keep those redactions upon a showing of good cause. In this process the parties are directed to follow the principles found in the court's Local Rules regarding the filing of sealed documents. For example, personal identifiers may be redacted. *See id.* 5-3(a)(2).

## ORDER

IT IS THEREFORE ORDERED that Defendant's Short Form Discovery Motion is GRANTED as outlined in this order.

DATED this 22 November 2022.

_____
Dustin B. Pead
United States Magistrate Judge